# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RENE R. ORTIZ, DOUGLAS LYNN
LINDSEY, and VALERIE JONES,**
      **Plaintiffs,**

    v.                                    Case No. 09-C-1202

**AURORA HEALTH CARE, INC.,**
      **Defendant.**

---

## ORDER

      Plaintiffs Ortiz, Lindsey and Jones petitioned for bankruptcy under Chapter 13. Pursuant to 28 U.S.C. § 157(a) and a standing order of this court, petitions for bankruptcy are referred to bankruptcy court. In each of plaintiffs' cases, defendant Aurora filed a proof of claim form and attached invoices for unpaid medical bills containing medical information about plaintiffs. Believing that Aurora's action violated a state statute protecting the confidentiality of medical information, plaintiffs filed complaints against Aurora in their bankruptcy cases, thereby initiating three adversary proceedings (later consolidated into one). In their complaints, plaintiffs each sought class action status. Pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, Aurora now asks me to withdraw the reference of the adversary proceeding to bankruptcy court and address the matter in this court.

      Under § 157(d), I <u>must</u> withdraw the reference if resolution of the issues presented requires substantial and material consideration of non-bankruptcy federal law. <u>In re Vicars Ins. Agency, Inc.</u>, 96 F.3d 949, 952 (7th Cir. 1996). However, in the present case, I need not withdraw the reference because the adversary proceeding presents issues of state

rather than federal law. Also, under § 157(d), I <u>may</u> withdraw the reference if the movant establishes cause for doing so. In determining whether there is cause, I consider such factors as whether the adversary proceeding is within the bankruptcy court's core jurisdiction (i.e., whether it is "a core proceeding"), judicial economy and convenience. <u>In re Sevko, Inc.</u>, 143 B.R. 114, 117 (N.D. Ill.1992); <u>Vista Metals Corp. v. Metal Brokers Internat'l Inc.</u>, 161 B.R. 454 (E.D. Wis.1993).

I conclude that at the present time, Aurora does not establish cause to withdraw the reference. This is so for several reasons. First, the adversary proceeding is a core proceeding because it involves counterclaims by bankrupts' estates against a claimant. <u>See</u> § 157(b)(1)(C). Also, the bankruptcy court is well-suited to address the question of whether bankruptcy law required Aurora to disclose the material to which plaintiffs object because it has particular expertise in bankruptcy law. The bankruptcy court has also considered several motions in this case and is familiar with its facts and circumstances. Thus, considerations of judicial economy and convenience favor the bankruptcy court. Aurora argues that the fact that plaintiffs seek class certification and have requested a jury trial in bankruptcy court (to which Aurora does not consent) weigh in favor of withdrawal of the reference. However, the bankruptcy court may lawfully handle a class action, and I have no reason to believe it cannot do so competently. As for the issue of a jury trial, if down the road it appears that a jury will actually be required (which would be a rare occurrence), Aurora is free to file another motion to withdraw the reference.

Therefore,

**IT IS ORDERED** that defendant's motion to withdraw is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 19 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge